**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 14, 2013[*]
Decided February 15, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-2764

| | |
|---|---|
| RANDALL RE, | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 11-cv-3242 |
| REAL ESTATE LAWYERS GROUP, P.C., | |
| and ILLINOIS STATE BAR ASSOCIATION | John W. Darrah, |
| MUTUAL INSURANCE COMPANY, | *Judge.* |
|     *Defendants-Appellees.* | |

## O R D E R

In this diversity action, *see* 28 U.S.C. § 1332(a), Randall Re claims that Real Estate Lawyers Group, P.C., the professional corporation of deceased attorney Terry O'Donnell, sold a building on his behalf in 2002 but embezzled more than $75,000 from the sale proceeds. Named as defendants are the professional corporation and its liability insurer,

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Illinois State Bar Association Mutual Insurance Company. Re is a citizen of Missouri, and both defendants are citizens of Illinois. The district court dismissed the professional corporation on the ground that its charter had been revoked in 2005 and thus Re's suit was untimely as to that defendant under the Illinois corporate-survival statute, 805 ILCS 5/12.80. And without an actionable claim against the professional corporation, the district court reasoned, neither could Re benefit from the corporation's policy with ISBA Mutual. We affirm the judgment.

Re had a lawyer when he filed his amended complaint, which controls here. That complaint alleges that Re hired the professional corporation "to act as counsel in connection with Re's post-divorce proceedings with his former wife," and that "O'Donnell also represented Re in a related real estate transaction" involving the sale of the building. We cannot tell from this statement whether O'Donnell was involved in the building sale only in his capacity as agent for the professional corporation or whether Re also had retained him individually. But according to the complaint, the professional corporation, not O'Donnell, is the named insured on the ISBA Mutual policy. The professional corporation was dissolved by the Illinois secretary of state in February 2005, and in 2006 the Supreme Court of Illinois disbarred O'Donnell. He committed suicide in 2007.

Re commenced this action in May 2011, more than six years after the dissolution of the professional corporation. He attempted to serve the corporation in March 2012 through its last-known registered agent, who notified Re that the summons could not be forwarded to the professional corporation due to an "undeliverable address." Re then moved for entry of default against the corporation, which the district court denied because § 5/12.80 imposes a five-year limit on suing a dissolved corporation. *See* 805 ILCS 5/12.80. The court then granted ISBA Mutual's motion to dismiss, reasoning that the insurer had no contractual obligation to indemnify against a claim that the defunct professional corporation is not "legally obligated to pay."

On appeal Re acknowledges the five-year statutory limit on actions against a dissolved corporation, but he argues that the corporate-survival statute should not bar his suit because both defendants were on notice of his demand for compensation before the professional corporation was dissolved. Re also asserts that he was unaware until 2011 that he must sue the professional corporation rather than O'Donnell, and that afterward his effort to do so was hindered by his incarceration in federal prison. But § 5/12.80 is a statute of repose, *Sharif v. Int'l Dev. Grp. Co., Ltd.*, 399 F.3d 857, 860 (7th Cir. 2005), which does not allow for tolling or equitable estoppel and precludes "even meritorious suits because of delay for which the plaintiff is not responsible," *McCann v. Hy-Vee, Inc.*, 663 F.3d 926, 930 (7th Cir. 2011). In any event, apart from the corporate-survival statute, Re's suit would still be barred by Illinois's two-year statute of limitations for malpractice suits against attorneys,

which is capped by a six-year statute of repose from the date of the wrongful act. *See* 735 ILCS 5/13-214.3(b), (c); *Ennenga v. Starns*, 677 F.3d 766, 775 (7th Cir. 2012).

That leaves the question whether ISBA Mutual can be liable to indemnify a claim that the professional corporation is not legally obligated to pay. We review, as did the district court, the language of the policy itself, which ISBA Mutual attached to its motion to dismiss. *See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (explaining that defendant may supply documents mentioned in complaint without converting motion to dismiss into one for summary judgment). The language of the insurance policy is clear—covering only damages that the insured is "legally obligated to pay"—and thus we agree with the district court's conclusion that ISBA Mutual cannot be held liable in the absence of a judgment against the professional corporation. Accordingly, the judgment of the district court is

**AFFIRMED**.